S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**STEVEN T. MYGRANT, OSB #03129**
Special Assistant United States Attorney
stevenmyg@co.clackamas.or.us
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 655-8431
Facsimile:  (503) 727-1105
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:11-CR-00435-HZ** |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **VICTOR HUGO DELGADO-MOLINA,** | |
| Defendant. | **Sentencing Date:** **May 28, 2013, at 11:00 a.m.** |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Steven T. Mygrant, Special Assistant United States Attorney, hereby submits the following sentencing memorandum

### I.    GOVERNMENT'S SENTENCING RECOMMENDATION

For the reasons set forth below, the government recommends that the Court impose a sentence of 87 months' imprisonment, a five year term of supervised release and a $100 fee assessment. Such a sentence properly addresses the nature and seriousness of the offense, provides just punishment, affords adequate deterrence and protects the public from further crimes of this defendant.

## II. PROCEDURAL HISTORY

In September 2011, Clackamas County Interagency Task Force (CCITF) and the DEA concluded a long-term investigation into a drug trafficking organization involving a subject identified as Michael Ragnone. The investigation revealed Victor Delgado Molina supplied Ragnone four pounds of methamphetamine on September 7, 2011. On November 1, 2011, a grand jury indicted Defendant on Conspiracy to Distribute Methamphetamine in an amount exceeding a mixture of 500 grams, pursuant to 21 U.S.C. § 846, 841 (a)(1), (b)(1)(A)(viii).

On December 20, 2012, Defendant appeared before the Honorable Judge Marco Hernandez. At that time, Defendant entered a guilty plea to the sole charge in the indictment. Judge Hernandez ordered a Presentence Investigation Report (PSR), which was finalized on May 16, 2013. The Court scheduled sentencing for May 28, 2013.

## III. FACTUAL BACKGROUND

On September 7, 2011, CCITF and DEA concluded a series of controlled buys using an undercover officer (UC) to purchase large quantities of methamphetamine from a leader/organizer of a local drug trafficking organization, identified as Michael Ragnone. PSR ¶ 15. Ragnone agreed to distribute four pounds of methamphetamine for $60,000 and a half-pound of heroin for $3,200. PSR ¶ 16. Law enforcement stopped Ragnone and his drug courier, Robert Berecek, in route to the transaction. *Id.* Investigators seized approximately four pounds of methamphetamine from Ragnone's vehicle. *Id.* Subsequent analysis revealed 1,640 grams of actual methamphetamine, concentrated at 100% purity. *Id.*

Following Ragnone's arrest, investigators learned that Defendant supplied Ragnone the four pounds of methamphetamine. PSR ¶ 17. Defendant and Ragnone agreed to exchange $18,000 and a Mercedes Benz, valued at approximately $18,000, for the four pounds of methamphetamine. *Id*.

Investigators learned about a long-term drug-trafficking relationship between Defendant and Ragnone. PSR ¶ 18. Phone records corroborated the information investigators had learned about the business relationship between Defendant and Ragnone. *Id.* The case was subsequently referred for prosecution and a federal grand jury indicted Defendant on November 1, 2011 for Conspiracy to Distribute Methamphetamine in an amount exceeding a mixture of 500 grams pursuant to 21 U.S.C. § 846, 841 (a)(1), (b)(1)(A)(viii). PSR ¶ 19-20. Law enforcement ultimately arrested Defendant on the federal arrest warrant on an unrelated traffic stop in Klamath Falls, Oregon on March 25, 2012. PSR ¶ 20.

## IV.     SENTENCING CONSIDERATIONS

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 767 (2005). Even though the Guidelines are advisory, they remain influential in an effort to ensure national consistency. *Gall v. United States*, 128 S. Ct. 586, 596 (2007) ("to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark" for sentencing); *see also United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) ("[The] continuing duty of district courts to consult the Guidelines is statutory.").

After the parties are given a chance to argue for a sentence they believe is appropriate, the Court should consider the § 3553(a) factors and decide if they support the sentence suggested by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing *Gall,* 128 S. Ct. at 596-97, n.6). The Court must make an individualized determination based on the facts, may not presume that the Guideline range is reasonable, and should not give the Guidelines factors more or less weight than other § 3553(a) factors. *Id*. If the Court decides an outside-Guidelines sentence is warranted, the Court must ensure the justification is sufficiently compelling to

support the degree of variance. *Id*. And finally, once a sentence is selected, the Court must explain it sufficiently to permit meaningful appellate review. *Id*. at 992.

Factors to consider under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to provide just punishment for the offense; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to protect the public from further crimes of the defendant; and the need to provide the defendant with training, care, or treatment.

### V.    PLEA AGREEMENT AND RECOMMENDED SENTENCE

#### a.    RELEVANT CONDUCT

The parties agree that Defendant is responsible for over 1,500 grams of actual methamphetamine. Plea Agreement ¶ 6. PSR ¶ 26.

#### b.    MANDATORY MINIMUM SENTENCE

The parties agree that over 50 grams of pure methamphetamine triggers a mandatory minimum sentence of ten years pursuant to 21 U.S.C. §841(b)(1)(A)(viii). Plea Agreement ¶ 3.

#### c.    SAFETY VALVE

The parties agree Defendant does qualify for a two-level reduction based upon the statutory criteria outlined in 18 U.S.C. 3553(f)(1-5) and U.S.S.G. §5C1.2(a)(1-5). Plea Agreement ¶ 9. PSR ¶ 27.

#### d.    ACCEPTANCE OF RESPONSIBILITY

The government recommends a three-level reduction to recognize Defendant's acceptance of responsibility pursuant to § 3E1.1. Plea Agreement ¶ 7. PSR ¶ 33-34.

### e. GUIDELINE CALCULATION

The government agrees with the PSR that defendant has a criminal history category level I pursuant to §4A1.1 based on a lack of a prior criminal history. PSR ¶39. The government further agrees with the PSR that the Base Offense Level is 38 for a quantity of pure methamphetamine exceeding 1,500 grams or more of actual methamphetamine. PSR ¶ 26. Plea Agreement ¶ 6. Following a two-level reduction for safety-valve eligibility, a three-level reduction for acceptance of responsibility, and a four-level reduction based on additional factors to be presented at sentencing, the government calculates a Total Offense Level of 29. Plea Agreement ¶ 11. Therefore, the government calculates a guideline range of 87-108 months based on a Total Offense Level 29 and a Criminal History Category I.

## VI.     THE UNITED STATES' RECOMMENDED SENTENCE

The government respectfully recommends that the Court impose a sentence of 87 months' imprisonment. Defendant engaged in a significant methamphetamine trafficking operation. Defendant's drug-trafficking relationship with Michael Ragnone involved the distribution of dozens of pounds of methamphetamine, culminating in a four-pound transaction on September 7, 2011. Defendant's ultimate transaction involved 1,640 grams of pure methamphetamine. The United States Sentencing Guidelines proscribe a mandatory sentence of not less than ten years' imprisonment if a defendant possessed 50 grams of pure methamphetamine. 21 U.S.C. §841(b)(1)(A)(viii). Defendant's willingness and ability to possess and transport a quantity more than 30 times greater than the mandatory minimum threshold is significant. It confirms that Defendant was active and well-connected within the drug trafficking community. Furthermore, Defendant possessed methamphetamine that was 100% pure. The purity of the seized methamphetamine again proves defendant's ability to

possess high-quality methamphetamine not typically available outside the community of high-level drug trafficking organizations in Oregon.

In conclusion, it is the government's position that 87 months' imprisonment accurately reflects the nature and circumstances of the offense as evidenced by the significant weight and purity of the methamphetamine trafficked by the defendant.  Furthermore, the government argues that Defendant's lack of criminal history is given due consideration by his classification as a criminal history category level I.  Additionally, Defendant will receive a significant two-level reduction below the mandatory minimum based on the criteria outlined in the safety valve eligibility pursuant to 18 U.S.C. 3553(f)(1-5) and U.S.S.G. §5C1.2(a)(1-5).

### VII.   CONCLUSION

It is the government's position that the proposed recommendation addresses the nature and seriousness of the offense and provides just punishment to the defendant for his actions.  It also promotes respect for the law and affords adequate deterrence to criminal conduct.  For the reasons set forth above, the government urges the Court to find that a sentence of 87 months' imprisonment, followed by five years of supervised release, and a fee assessment of $100 satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated this 22nd day of May 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Steven T. Mygrant*
STEVEN T. MYGRANT, OSB #03129
Special Assistant United States Attorney
(503) 727-1000